### SIRR *v.* MILLER.

HOMESTEAD — CONVEYANCE IN TRUST FOR WIFE AND CHILDREN — SIGNATURE OF WIFE.

A deed of a homestead by a husband in trust for his wife and children, providing for the use of the premises by them or for their benefit, and for an ultimate division of the land and its proceeds among the survivors of them, is void without the signature of the wife, and the children can take no title thereunder,—at least [in the absence of proof of acquiescence on the part of the wife.

Appeal from Chippewa; Steere, J. Submitted October 5, 1899. Decided October 24, 1899.

Petition by William Sirr, as next friend of Eveline Jane and Emma Goodreau, infants, against David Miller, to set aside a tax sale. From an order dismissing the petition, petitioner appeals. Affirmed.

*M. F. McDonald*, for petitioner.

*Warner & Sullivan*, for defendant.

HOOKER, J. The undivided half of the premises involved in this litigation was sold for delinquent taxes for the year 1891 to one David Miller. Eveline Jane and Emma Goodreau, by William Sirr, their next friend, filed the petition in this cause, asking that the deed to Miller be canceled, under the provisions of section 69 of Act No. 206 of the Public Acts of 1893, which provides:

"In case of the sale of lands belonging to any infant, idiots, minor heirs, insane or incompetent persons, if it shall appear to any court that it is necessary, to protect the rights of such incompetent person, to order any sale canceled or deferred, it may so order, and in such case all proceedings may be stopped, sale canceled, or action stayed until the proper proceedings can be had to protect the rights and property of such incompetent person or persons."

The record shows the following facts: Theophile Goodreau was the owner of the premises on October 4, 1886, and occupied them as a homestead. On that day he made a deed of the premises to John A. Colwell as trustee for his wife (Eliza Jane), Elizabeth, Eveline Jane, and Emma. The wife did not execute this deed. On November 26, 1888, while the family still occupied the premises as a homestead, Mrs. Goodreau filed a bill for divorce, decree passing in her favor on June 1, 1889. The parties had separated prior to filing the bill, Goodreau having left. In the fall of 1890 Mrs. Goodreau married Duncan McDonald, after which they resided on the premises until February, 1892, when Mrs. McDonald executed a written lease of a portion of the property for five years to one Campbell. On November 25, 1895, Campbell assigned the lease to Miller. In August, 1894, Mrs. McDonald leased the remainder of the premises, and with her husband and family removed to Canada, where they resided until April 1, 1897, when they returned, and moved into a house which Campbell had erected upon the site of the former dwelling under the terms of his lease. They entered without Miller's knowledge or consent, but with the knowledge and consent

of his tenant.   Miller obtained the tax deed on January 26, 1895, and on May 24, 1897, he obtained a quitclaim deed of the premises from Theophile Goodreau for a consideration of $25.   The following day he began an ejectment suit against McDonald and wife for the portion of the lot occupied by them, and on September 10, 1897, obtained judgment for an undivided half of the same.

The theory of the defendant (Miller) is that the deed to Colwell in trust is void, for the reason that the land was at the time a homestead, and could not be conveyed by a conveyance in which the wife did not join, and that subsequently the homestead was abandoned, and the quitclaim deed from Theophile Goodreau conveyed to Miller a title, subject, at the most, to an inchoate right of dower.   Counsel agree that the only question in the case is whether the infants acquired any title under the trust deed.   The counsel for the defendant contend that the infants are not owners of the land, for, if the deed is valid, it belongs to the trustee, and, if not valid, it certainly does not belong to them.

A deed of a homestead without the signature of the wife is admittedly void.   The petitioner contends, however, that such a deed to a wife is valid, and that a deed to another in trust for the wife can be treated as valid to the extent of conveying the title for her benefit.   If this be so (and we find it unnecessary to decide the question), it would not follow that a deed of a homestead in trust for children would be valid without the wife's signature. This deed provided for the use of the premises by or for the benefit of the wife and children, and an ultimate division of the land and its proceeds among the survivors of them.   To hold that the land belonged to these infants is to say that the husband may cut off the homestead rights of his wife by a deed without her signature.

This record is silent upon the question of the wife's acquiescence, and we have therefore no occasion to discuss it.   We mention it, not to indicate an opinion that it would make the deed valid, but merely to show that the question is not in the case, and therefore not decided.

The deed being void, there is no vestige of title, legal or equitable, in the petitioners, and the learned circuit judge properly dismissed the petition. His decree is affirmed, with costs.

The other Justices concurred.